*Courtesy Copy*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/2/08
```

|  |  |
|---|---|
| **UNITED STATES** | ) |
| **SECURITIES AND EXCHANGE COMMISSION,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) **Civil Action No. 07-CV-2058** |
|  | ) |
| **FRANK A. DUNN, DOUGLAS C. BEATTY,** | ) **(ECF FILED)** |
| **MICHAEL J. GOLLOGLY, MARYANNE E.** | ) |
| **PAHAPILL (a.k.a. MARY ANNE POLAND),** | ) |
| **DOUGLAS A. HAMILTON, CRAIG A. JOHNSON,** | ) |
| **JAMES B. KINNEY and KENNETH R.W. TAYLOR** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT KENNETH R.W. TAYLOR

The Securities and Exchange Commission ("Commission") having filed a Complaint

and Kenneth R.W. Taylor ("Defendant Taylor") having entered a general appearance, consented to

the Court's jurisdiction over him and the subject matter of this action, consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction),

waived findings of fact and conclusions of law, and waived any right to appeal from this Final

Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Taylor

and his agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the

"Securities Act") [15 U.S.C. § 77q(a)] by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in the offer or sale of any security.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Taylor and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, of the mails, or of any facility of any national securities exchange, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Taylor and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange

Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a

system of internal accounting controls or knowingly falsifying any book, record, or account

described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

Taylor and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Rule 13b2-1 of the Exchange Act

[17 C.F.R. 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified any book,

record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant Taylor and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

3

otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to an issuer that, in violation of such provisions, files or causes to be filed with the Commission any information, document or report which contains any untrue statement of a material fact, which omits to state any material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Taylor and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], which, in violation of such provisions, fails:

    (a)    to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

4

(b)     to devise and maintain a system of internal accounting controls sufficient to

provide reasonable assurances that – (i) transactions are executed in accordance

with management's general or specific authorization; (ii) transactions are recorded

as necessary (I) to permit preparation of financial statements in conformity with

generally accepted accounting principles or any other criteria applicable to such

statements, and (II) to maintain accountability for assets; (iii) access to assets is

permitted only in accordance with management's general or specific

authorization; and (iv) the recorded accountability for assets is compared with the

existing assets at reasonable intervals and appropriate action is taken with respect

to any differences.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to

Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act

[15 U.S.C. § 78u(d)(2)], Defendant Taylor is prohibited, for a period of five years following the date

of entry of this Final Judgment, from serving as an officer or director of any issuer that has a class of

securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required

to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant Taylor is liable for disgorgement of $52,000, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$16,481, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act

5

[15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Taylor shall satisfy this obligation by paying $143,481 within ten (10) business days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Kenneth R.W. Taylor as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Taylor shall simultaneously transmit photocopies of such payment and letter to Suzanne J. Romajas, Assistant Chief Litigation Counsel, United States Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549-4030.  By making this payment, Defendant Taylor relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Taylor.  Defendant Taylor shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any

6

such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this

Judgment shall be treated as penalties paid to the government for all purposes, including all tax

purposes. To preserve the deterrent effect of the civil penalty, Defendant Taylor shall not, after

offset or reduction of any award of compensatory damages in any Related Investor Action based on

Defendant Taylor's payment of disgorgement in this action, argue that he is entitled to, nor shall he

further benefit by, offset or reduction of such compensatory damages award by the amount of any

part of Defendant Taylor's payment of a civil penalty in this action ("Penalty Offset"). If the court in

any Related Investor Action grants such a Penalty Offset, Defendant Taylor shall, within 30 days

after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action

and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be

deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this

paragraph, a "Related Investor Action" means a private damages action brought against Defendant

Taylor by or on behalf of one or more investors based on substantially the same facts as alleged in

the Complaint in this action.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of

Defendant Kenneth R.W. Taylor is incorporated herein with the same force and effect as if fully set

forth herein, and that Defendant Taylor shall comply with all of the undertakings and agreements set

forth therein.

7

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: *May 1*    , 2008

_____
UNITED STATES DISTRICT JUDGE